6

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| versus | § | Civil Action B-01-210 |
| | § | |
| Reymundo Aguilar | § | |

MOTION FOR SUMMARY JUDGMENT

United States of America ("United States") moves for summary judgment pursuant to Rule 56, FED.R.CIV.P.

1. This Motion is supported by the Complaint, with the attached Certificate of Indebtedness, and the attached affidavit of J. Michael Weston.

2. The following facts are undisputed:

   a. Subject matter jurisdiction arises under 28 U.S.C. § 1345.

   b. The United States, as guarantor, seeks repayment of federally insured student loan upon which Aguilar defaulted.

   c. On September 9, 1985, Aguilar executed a promissory note for a student loan. The promissory note is payable to Texas Commerce Bank of Brownsville. A true and correct copy of the promissory note is attached to this Motion as Exhibit A. The annual interest rate is 8.00%.

   d. As shown by the Certificate of Indebtedness issued by the United States Department of Education attached to the Complaint, Aguilar currently owes the United States the following sums:

   | | | |
   | --- | --- | --- |
   | (1) | Principal as of September 8, 1999: | $2,612.88 |
   | (2) | Interest as of September 8, 1999: | $2,551.64 |
   | (3) | Administrative fees, costs, penalties | $0.00 |
   | (4) | Balance due as of September 8, 1999 | $5,164.52 |

  (5) Prejudgment interest accrues at 8.00% per annum from September 8, 1999, being $0.57 per day

3. The United States also seeks to recover attorney's fees of $550.00

4. The United States has demanded that Aguilar, pay the loan, but Aguilar failed to do so. The United States has retained the undersigned to represent it in this matter and agreed to pay for such services.

  WHEREFORE, the United States requests that it be granted judgment against Reymundo Aguilar as set forth above, plus costs of court.

        Respectfully submitted

        BENNETT, WESTON & LaJONE, P.C.

        By: _____
        J. Michael Weston
        Texas Bar No. 21232100
        SD Tex. No. 21538
        Attorney in Charge
        Charles I. Appler
        Texas Bar No. 00788995
        SD Tex. No. 23055
        1750 Valley View Lane, Suite 120
        Dallas, Texas 75234
        Telephone: (214) 691-1776
        FAX: (214) 373-6810
        Attorneys for the United States of America

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing was served upon all counsel and/or parties of record, private parties are served by certified mail, return receipt requested, and regular mail on this _27th_ day of _February_, 2002.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § | |
| *versus* | | Civil Action B-01-210 |
| Reymundo Aguilar | | |

<u>AFFIDAVIT</u>

| | |
|---|---|
| STATE OF TEXAS | § § § |
| COUNTY OF DALLAS | |

BEFORE ME, the undersigned authority, on this day personally appeared J. Michael Weston, who upon being duly sworn by me did state and depose as follows:

1. My name is J. Michael Weston. I am over the age of twenty-one years of age and am competent to give this Affidavit and have personal knowledge of the facts stated herein.

2. I was licensed as an attorney by the State of Texas in 1975. I have practiced law in the State of Texas since that time. I am familiar with the instant action and have been involved in many similar cases in the past. I am familiar with legal fees in the State of Texas for cases of this nature.

3. I am familiar with the instant action and have been involved in many similar cases in the past. In the course of my legal representation of clients, I have handled numerous collections cases for clients, and many of the cases, as in this case, involved suit for payment of a promissory note. Additionally, I am familiar with the collection of student loans on behalf of the United States of America. I do not normally handle this type of litigation on behalf of clients, but were I to do so, I would charge a fee of between $250.00 and $300.00 per hour.

4. Utilizing the factors found at Rule 1.04, Texas Disciplinary Rules of Professional Conduct, I note the following:

a. This case is handled by our law firm on a contingency fee basis of 33.33% of all sums collected, principal and interest.

b. The nature of the case, collections, is not novel but our firm and the undersigned have the experience and skill to handle such cases on a large volume throughout the State of Texas, and that experience and skill is not customary in the legal profession. Additionally, our firm has developed an expertise for the handling of student loan collections, and this skill is not customary in the legal profession.

c. The contingency fee of 33.33% is standard for collection matters such as the type presented to the Court in this instance.

d. The fee actually paid to our firm is contingent upon the uncertainty of collection. In fact, many debtors against whom we file suit on behalf our clients never pay any moneys, and we collect no fees for such matters.

e. Based on the time expended on collection matters, the percentage of sums collected and the fees generated on a contingency fee basis, the fee sought in this as a contingency fee basis reflects the time and labor required in such a matter.

5. Using the factors cited by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997, I note the following:

a. the acceptance of representation of the United States as private counsel has involved receiving several thousand cases from the United States, and the work attendant to supervising, reviewing, filing, preparing pleadings and handling hearings and other matters has basically precluded the undersigned from representing any other clients on an active basis.

b.     The United States is seeking a judgment well in excess of three times of the attorney's fees sought in this motion.  Under our fee agreement with the United States and the customary contingency fee agreement on accounts of this type, which is one third, a requested attorney's fee normally would be on third of the sum sought to be recovered rounded down to the nearest $100.  A fee in that range, based on my experience, would be awarded by most Texas courts handling similar cases. Considering the amount involved, the fact that we are only requesting a summary judgment at this time, I have reduced the requested attorney's fee.

c.     The time constraints placed upon our law firm to handle cases such as the instant case are significant in light of the volume of cases assigned to our firm and the requirement imposed by us by the United States to file cases and bring them to judgment as quickly as possible.

d.     Our firm has represented the United States for approximately since early 1999.

e.     The legal services involved are provided by the undersigned.  I have been practicing law since 1975.  Since 1990, I have probably caused to be filed and brought to conclusion in excess of 5,000 suits on notes throughout the State of Texas.  I believe that I have a reputation for handling this type of matter.  I am frequently requested to teach at seminars involving collection issues and have taught at several seminars.

5.     In the normal course of handling of a case, attorney time is reviewed preparatory to preparing a complaint, preparing the necessary documents to file suit in federal court, reviewing the answer received and reviewing the file again to determine both whether the defendant has raised any substantive issues that need to be addressed by the United States or for which discovery needs to be conducted, and preparing a motion for summary judgment. The reasonable amount of attorney's time

expended for such services would be five hours. Therefore, the "lodestar" attorney's fee in this case would be between $1,250.00 and $1,500.00. I respectfully submitted that such lodestar sum should be adjusted to reflect the amount of attorney's fees sought in paragraph six below, with the primary determinate, from my perspective, being the amount in dispute.

6. Based upon the above factors, I believe a customary, necessary and reasonable attorney's fee in this action is $1,000.00.

SWORN AND SUBSCRIBED to on February 21, 2002.

Notary Public in and for the
State of Texas

My Commission Expires:



DIANA S. BRADLEY
MY COMMISSION EXPIRES
February 3, 2005

Feb. 14, 2002

Reymundo Aguilar T.D.C# 879692
Rt 5 Box 1500
Angleton, Texas 77515
SSN 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

Bennett, Weston, & LaJone
1750 Valley View Lane., Suite 120
Dallas, Texas 75234

Mr. J. Michael Weston,

I am writing in response to your summons on cause no. B-01-210 which I received today, Feb 14, 2002. Due to my incarceration I am unable to present myself in the forementioned case and have respectfully asked the court to defer my hearing to a date convenient to my release. As of now my release date is still undetermined and you may contact me at the above address to make any future arrangements. I am ready to resolve this matter and am making myself available for any negotiations with you and/or the court. I regret my absence and I have written the court to reset this order for a future date. Thank you for your consideration on this matter, and I will be looking forward to hearing from you.

Sincerely,

Reymundo Aguilar

EXHIBIT A

TEXAS GUARANTEED STUDENT LOAN CORPORATION

**PROMISSORY NOTE AND DISCLOSURE STATEMENT**

| | |
|---|---|
| Loan Amount | $ 2,500.00 |
| Less: | |
| Guarantee Fee | $ 43.75 |
| Origination Fee | $ 125.00 |
| Loan Amount Less Fees | $ 2,331.25 |

LENDING INSTITUTION NAME AND ADDRESS

TEXAS COMMERCE BK OF BROWNSVILLE
1034 E LEVEE ST
BROWNSVILLE TX 78520

Lender Identification Number  820592
Date Guaranteed  08/21/85
Date Produced  08/21/85
Interest Rate  8 %

LOAN NUMBER  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-01

BORROWER NAME AND ADDRESS

REYMUNDO   AGUILAR #1189212-9001
2426 BARNARD #32
BROWNSVILLE TX 78520

| Disbursement Schedule | Estimated Date of Disbursement | Disbursement Amount | Guarantee Fee | Origination Fee | Amount of Disbursement Check |
|---|---|---|---|---|---|
| First (or entire) | 08/27/85 | 2,500.00 | 43.75 | 125.00 | 2,331.25 |
| Second | N/A | N/A | N/A | N/A | N/A |
| Third | N/A | N/A | N/A | N/A | N/A |
| Fourth | N/A | N/A | N/A | N/A | N/A |

A. **PROMISE TO PAY:** I promise to pay to you or your order when this Note becomes due as set forth in Paragraph B, the loan amount as shown above to extent it is advanced to me plus interest as set forth in Paragraph C, and any other charges which may become due as provided in Paragraph

B. **DATE NOTE BECOMES DUE:** I will repay this loan in periodic installments during a repayment period that will begin no later than 6 months ("the gra period") after the **MONTH** I either leave school or stop carrying, at a school participating in the Guaranteed Student Loan Program (GSLP), at le one-half of the normal full time academic workload required by the school. However, during the grace period I may request that the repayment per begin earlier.

C. **INTEREST:** I agree to pay an amount equivalent to simple interest on the unpaid balance at the rate of EIGHT % per annum from the date y advance me the loan until the loan is paid in full. You will not collect from me any interest which the United States Government will pay for me. I will pay you at end of each month any interest due from me, or you will allow me to defer the payment of this interest until this Note becomes due. When this Note becom due I may either pay the total interest due or such interest will be added to the total principal balance to be repaid, with interest, in installments. All payme will be made to your address given above or to any other address you notify me of.

D. **GUARANTEE-ORIGINATION FEES:** I will pay you a non-refundable guarantee fee in the amount shown above which you will forward to the Tex Guaranteed Student Loan Corporation (TGSLC) for its guarantee of this Note. I will pay you an origination fee authorized by federal law, not to exceed of the loan amount, in the amount disclosed above. You may withhold these fees from each disbursement amount as shown above. If any lo disbursement check is returned uncashed to you, I will not be assessed any guarantee and origination fees for that disbursement.

E. **WHOLE LOAN DUE:** I will be in default and you will have the right to give me notice that the whole outstanding principal balance plus any unpaid interes owe is due and payable at once (subject to any law which gives me the right to cure my default) if 1) any payment has not reached you within 120 da after its due date, or 2) I make any false written statement in applying for this loan or for an extension or deferment of this loan, or 3) I break any of r other promises under this agreement, or 4) after I receive my loan proceeds, I fail to enroll, for the period covered by this loan, at the school listed on r application for at least one-half of the normal full time academic workload required by the school.

F. **COLLECTION COSTS-LATE CHARGES:** I agree to pay you reasonable amounts permitted by law, including the fees of an outside attorney and cou costs, which you incur in collecting any amount I owe under the Note which is not paid when due. If any payment has not reached you within 10 da after its due date, you may, if permitted by law, bill me for a late charge at the rate of $5 or 5% of the payment, whichever is less.

G. **PREPAYMENT:** I may, at my option and without penalty, prepay all or part of the principal or accrued interest of this loan at any time. If I do so, I will entitled to a rebate of any unearned interest that I have paid.

I WILL NOT SIGN THIS NOTE BEFORE READING IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL NC SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACE. I AM ENTITLED TO AN EXACT COPY OF THIS NOTE AND ANY AGREEMENT I SIGN. E SIGNING THIS NOTE I ACKNOWLEDGE THAT IT CONTAINS NO BLANK SPACE AND THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I HA\ THE RIGHT TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE WITHOUT PENALTY.

| Reymundo Aguilar Y. | 9-9-85 | 83 El Paso Dr. Brow T8\ 7\ |
|---|---|---|
| Borrower Signature | Date | Permanent Address |

| | | |
|---|---|---|
| Signature of Co-Signer (if any) | Date | Permanent Address |

EXHIBIT A

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

H. **REPAYMENT AGREEMENT:** 1) The proceeds of this loan will be used only for educational expenses at the school listed in my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required for an Co-Signer. 3) Your failure to enforce or insist that I comply with any terms of this Note is not a waiver of your rights. No provision of this Note can b waived or modified except in writing. 4) If the TGSLC is required under its guarantee to repay my loan(s) because I have defaulted, the TGSLC will becom the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I must repay this Note eve though I may be under 18 years of age. 6) My loan will be cancelled if I die or become totally or permanently disabled. 7) In this Note, the words I, me, an mine mean each and all of those who signed it. If more than one person signs this Note, each person will be liable up to the full amount of the loan. Yo your, and yours mean the lender or any other owner of this Note.

I. **DEFERMENT:** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal paymen on this Note as provided below if my repayment period has begun, I am not in default, and I can provide you with written evidence that I qualify for th deferment 1) while I am enrolled a) at a school participating in the GSLP for full time study as determined by the school, unless I am not a citizen o national of the United States and am studying at a school not located in the United States, or b) in a graduate fellowship program approved by th Secretary of Education, or c) in a rehabilitation training program for disabled individuals and approved by the Secretary of Education, or d) as a full tim student at an institution of higher education or a vocational school which is operated by an agency of the United States Government; 2) for periods n exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in th Commissioned Corps of the United States Public Health Service, or b) serving as a Peace Corps volunteer, or c) serving as a full-time volunteer under Tit I of the Domestic Volunteer Service Act of 1973 (e.g., VISTA), or d) providing service as a full-time volunteer for an organization exempt from Feder Income Tax under Section 501(c)(3) of the Internal Revenue Code of 1954 and which the Secretary of Education has determined is comparable to service the Peace Corps or ACTION programs; 3) up to 3 years while I am a) temporarily totally disabled, as established by affidavit of a qualified physician, or I unable to work because I am providing care required by a spouse who is temporarily totally disabled, as established by an affidavit of a qualified physicia 4) for a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain profession recognition required to begin professional practice or service; 5) for a single period not exceeding one year while I am conscientiously seeking but unab to find full time employment in the United States.

J. **REPAYMENT IN INSTALLMENTS:** I can repay the total amount due on this Note in installments, with interest at the rate indicated in Paragraph C, unless enter into a situation as described in Paragraph E, in which case the whole outstanding principal balance plus any unpaid interest I owe is due and payab at once. Prior to the date this Note becomes due as set forth in Paragraph B, you will send me a Repayment Schedule which shows the particul repayment terms that will become part of this Note. Any Co-Signer who signs the Repayment Schedule will also be obligated to repay this Note. Th Repayment Schedule may include all loans I have received from you under the Texas Guaranteed Student Loan Program. The Repayment Schedule w require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. The repayment period will n be longer than 15 years from the date of my loan's first disbursement, not counting periods for which I am granted an authorized deferment, as outlined Paragraph H, or forbearance. My original in-school period is counted in this 15 year requirement. At my option, I may agree to a repayment period that shorter than 5 years. However, I may at any time later have the repayment period extended so that the total repayment period is not less than 5 years. M total payments for any year of the repayment period for all my loans under the GSLP shall not be less than $600 per year, including payments by n spouse on any loan under the GSLP (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayme period shorter than 5 years.

K **CREDIT BUREAU NOTIFICATION:** If I default on this loan, you may report the default to credit bureau organizations. This may significantly and adverse affect my credit rating. You must provide information on the repayment status of this loan to any credit bureau organization upon my request If n otherwise prohibited by law, you may disclose information about the status of this loan to any credit bureau.

L. **BORROWER RIGHTS AND RESPONSIBILITIES:** 1) I will send written notice to you within 10 days after any change in my name, address, or school enrollment status. 2) Consolidation or refinancing options may be available for GSLP and other educational loan programs -- I will contact the TGSLC for further information. 3) The GSLP does not have provisions which enable this loan to be cancelled or forgiven in whole or in part for teaching or any other type of employment. 4) I am not required to provide security for this loan.

M. **REPAYMENT BY DEPARTMENT OF DEFENSE:** Under certain circumstances, if in the military I may have my loan repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (10 U.S.C.2141 note). I should address questions regarding this program to my local Service Recruiter. This is a recruiting program and does not apply to prior service individuals or those not eligible for enlistment in the Armed Forces.

Pay to the order of Texas Guaranteed Student Loan Corporation without recourse. MBank Dallas N.A. (formerly Mercantile National Bank Dallas) by

*/s/ Hall*   Date JUN 2 2 1987

N. **TRANSFER OF NOTE:** This Note may be transferred to a holder other than the lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The new holder will notify me of any such transfer in writing.

THIS NOTE, EXCLUSIVE OF ANY MODIFICATIONS MADE BY THE BORROWER OR LENDER UNLESS SPECIFICALLY APPROVED IN WRITING BY TH TGSLC, SHALL BE DEEMED TO BE GUARANTEED BY THE TGSLC UNDER THE TERMS OF ITS AGREEMENT TO GUARANTEE LOANS AS AMEND FROM TIME TO TIME.

BY  *Joe F. McCormick*         **EXHIBIT A**
    AUTHORIZED SIGNATURE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| versus | § § | Civil Action B-01-210 |
| Reymundo Aguilar | § | |

## SUMMARY JUDGMENT

On motion of the United States it is adjudged that the United States of America recover from Reymundo Aguilar

    A.    $5,164.52, plus

    B.    Prejudgment interest from September 8, 1999, at the rate $0.57 per day until the date of judgment, plus

    C.    Attorney's fees of $_____ and all costs of court, plus

    D.    Post-judgment interest at _____% per annum.

Signed _____, 2002.

_____
United States District Judge