UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-210 |
| | § | |
| REYMUNDO AGUILAR | § | |
| Defendant. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### BACKGROUND

Reymundo Aguilar (Defendant) entered into student loan agreements with the United States Government (Plaintiff). On September 9, 1985, Aguilar executed a promissory note for the student loan. The promissory note is payable to Texas Commerce Bank of Brownsville, and the annual interest rate for said note is 8.00%. Plaintiff has demanded that the Defendant pay the loan, but Aguilar has failed to do so. Plaintiff now brings a Motion for Summary Judgment (Doc. #6) in this case.

#### ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted upon a finding that there exists "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[1] In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter, but rather, the Court's function is to determine if there exists a genuine issue for trial.[2]

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

[2] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

To succeed in an action against a borrower on a defaulted student loan, the government must show: (1) the borrower is the person who issued note; (2) the government owns the note; and (3) the note is unpaid.[3] In addition to the unpaid amount, the lender may collect attorney's fees under state and federal law.[4] Federal law also allows reasonable administrative and collection costs.[5]

In this case, summary judgment is appropriate. Demand has been made on the Defendant to pay the indebtedness, and Aguilar has failed to pay. All conditions precedent have been performed or have occurred in order for Plaintiff to prevail. Hence, there exists no genuine issue for trial in this matter.

Summary Judgment should be entered in favor of the Plaintiff for the following amounts:

| | | |
|---|---|---|
| 1. | Principal as of September 8, 1999: | $2,612.88 |
| 2. | Interest as of September 8, 1999: | $2,551.64 |
| 3. | Administrative fees, costs, penalties: | $0.00 |
| 4. | Balance due as of September 8, 1999: | $5,164.52 |
| 5. | Prejudgment Interest Rate Per Annum: | 8% |
| 6. | Daily Accrual: | $.57 |
| 7. | Total Pre-Judgment Interest: | $549.48 |
| 7. | Attorney's Fees: | $550.00 |
| 8. | TOTAL Balance Due (Including Attorney's Fees): | $6315.48 |
| 9. | Post-Judgment Interest equals _____% per annum. | |

---

[3] See United States v. Durbin, 64 F.Supp.2d 635, 636 (S.D. Tex. 1999).

[4] Id.

[5] Id.

## RECOMMENDATION

For reasons set forth above, Plaintiff's Motion for Summary Judgment should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[6]

DONE in Brownsville, Texas this 30th day of April, 2002.

Felix Recio
United States Magistrate Judge

---

[6] See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>REYMUNDO AGUILAR<br>Defendant. | § § § § § § § | CIVIL ACTION NO. B-012-210 |

## ORDER

Before the court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file,

A. The Magistrate Judge's Report and Recommendation is hereby ADOPTED;

B. Plaintiff's Motion for Summary Judgment (Docket No. 6) is hereby GRANTED; and

C. Judgment is hereby ENTERED in favor of Plaintiff in the following amounts:

| | | |
|---|---|---|
| 1. | Principal as of September 8, 1999: | $2,612.88 |
| 2. | Interest as of September 8, 1999: | $2,551.64 |
| 3. | Administrative fees, costs, penalties: | $0.00 |
| 4. | Balance due as of September 8, 1999: | $5,164.52 |
| 5. | Prejudgment Interest Rate Per Annum: | 8% |
| 6. | Daily Accrual: | $.57 |
| 7. | Total Pre-Judgment Interest: | $549.48 |
| 7. | Attorney's Fees: | $550.00 |
| 8. | TOTAL Balance Due (Including Attorney's Fees): | $6315.48 |
| 9. | Post-Judgment Interest equals _____% per annum. | |

DONE in Brownsville, Texas this _____ day of _____, 2002.

_____
Hilda Tagle
United States District Judge